IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM E. BOWHALL,                    )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        CASE NO. 2:10-cv-608-WKW
                                       )        [wo]
NBC, INC., *et al.*,                   )
                                       )
        Defendants.                    )

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, filed August 6, 2010).  For good cause, the Magistrate Judge recommends that Plaintiff's motion to proceed *in forma pauperis* be **GRANTED** and his federal claims be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)[1] and the Court decline supplemental jurisdiction as to the state law claims.

## I. PARTIES AND COMPLAINT

On July 14, 2010 Plaintiff William Bowhall ("Bowhall" or "Plaintiff") brought eight lawsuits in this district including the one referenced in this opinion.  In this case, Bowhall complains in a convoluted and conclusory fashion that Defendants have deprived him of his

---

[1]       The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

constitutional rights - specifically his 1st Amendment right to full access to the media. *See* Doc. 1 at p. 4. He also asserts state law claims for (1) fraud and deceit, (2) negligent misrepresentation, (3) unjust enrichment, and (4) civil conspiracy. *Id.* The Court has jurisdiction of these claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

Specifically, Bowhall identifies a plethora of defendants encompassing a variety of media outlets ranging from print media to radio to television. Bowhall alleges that they denied him the right to appear on their respective shows to discuss his ideas as a third party political candidate as well as "national concerns over tech advancements, education, economic issues, DOD spending, NASA project funding, Anti-Trust Legislation, and Patent Law Reform." *Id.* at p. 1-2. Further, he could not "lobby the general public or private investors for research and development monies" which resulted in "artistic expression and creative opportunities" being denied to him. *Id.* at p. 2. Bowhall avers these actions took place from the early 1990s to 2009 and as a result his "credibility as an industrialist, composer, and creative force was [subjugated] to trivial redundancy." *Id.* at p. 6.

Bowhall seeks as relief compensation for lost business opportunities associated with "technology industries relating to transportation, civilian and/or military, for public or private use on land, air, sea and space exploration" and "in music, or movie script [development] and promotion." *Id.* at p. 7. He also wants "the establishment of a research firm in [his] charge as CEO, owner of said entity, with legal [retainer] of fees imposed on defendants." *Id.* Next

he seeks compensation for pain and suffering.  *Id*.  Finally, he wants equal coverage and

contact by all media outlets on "politics, economy, welfare of the United States, industry,

business, education, science, arts, investment funding, law reforms, state and federal concerns

including international interests" and "mandatory open forum discussions and compensation

as guest speaker with legal contract concerning 3rd party platform issues.  *Id*.

On August 10, 2010, Bowhall filed an addendum to his complaint wherein he lists

additional defendants.  *See* Doc. 7.  The complaints against these new media entities are

similar to the ones in his original complaint.  *Compare* Doc. 1 *with* Doc. 7.

## II.  DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure.

Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does

not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient

pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*,

132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by

*Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distribution*

*Center*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotations omitted)

("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers

and thus are construed liberally, this liberal construction does not give a court license to serve

as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain

an action.").  While 28 U.S.C. § 1915 authorizes suits by litigants without prepayment of fees,

it does not authorize abuse of the legal system.

> The pauper's affidavit should not be a broad highway into the federal courts. Indigence does not create a constitutional right to the expenditure of public funds and valuable time of the courts in order to prosecute an action which is totally without merit.

*Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (internal citations omitted). Therefore, a two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted).

First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id*.; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding *in forma pauperis*).   At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)).   A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v.*

*Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process).  Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[2]

The complaint filed by Bowhall satisfies the economic eligibility criteria of § 1915(a)(1), and therefore may be filed without prepayment of fees.  However, the Court is of the view, that the complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i) - (ii).

## A.    Federal Claims

In the interest of justice, the Court shall construe Bowhall's complaint as one seeking relief under both 42 U.S.C § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  Moreover, because claims under 42 U.S.C. § 1983 and *Bivens* are so similar, courts generally apply § 1983 law to *Bivens* cases.  *See Morast v. Lance*, 807 F.2d 926, 931 (11th Cir. 1987); *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310 n. 8 (M.D. Ala. 2001) (citations omitted); *O'Brien v. United States*, 137 Fed. Appx. 295, 299 (11th Cir. 2005) (unpublished opinion) (citing *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir.

---

[2]      *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

1995)).  As a result, the Court shall refer interchangeably to cases decided under both § 1983 and *Bivens*.

To obtain relief under § 1983, Bowhall must show he was deprived of a federal right by a person acting under color of state law.  *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000).  The Supreme Court has reiterated this requires "*both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'"  *Id*. (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999)) (emphasis in original); *see also West v. Atkins*, 487 U.S. 42, 48-49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (United States Supreme Court reiterates two prong requirement).  The same is true to claim relief under *Bivens*.  Under *Bivens*, a "plaintiff must show that he or she was deprived of a federal right by a person acting under color of federal law." *O'Brien*, 137 Fed. Appx. 295 (citations omitted).  The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003); *see also Weaver v. James Bonding Co., Inc.*, 442 F.Supp.2d 1219, 1223 (S.D. Ala. 2006) (citing *Pinellas*).  Further, "only in rare circumstances can a private party be viewed as a "state actor" for § 1983 purposes." *Weaver*, 442 F.Supp.2d at 1223 (citations omitted).

For all these defendants to qualify as "state actors" under § 1983 and *Bivens*, one of the following three tests must be satisfied:

(1)   "State Compulsion Test" wherein the state has coerced or significantly encouraged the violative conduct;

(2)   "Public Function Test" wherein private parties perform a public function that is traditionally the exclusive prerogative of the state; and

(3)   "Nexus/Joint Action Test" wherein the state has insinuated itself into a position of interdependence with the private party, such that the state and private party are essentially joint participants in an enterprise.

*Weaver*, 442 F.Supp.2d at 1223 (citing *Rayburn*, 241 F.3d at 1347 and *Green v. Abony Bail Bond*, 316 F.Supp.2d 1254, 1259-60 (M.D. Fla. 2004)); *Campbell*, 131 F.Supp.2d at 1310-11 (applying 3 tests for § 1983 and *Bivens* claims).  The application of these three tests patently establish these entities were not state or federal actors.

Under the "State Compulsion Test," there is absolutely nothing in Bowhall's complaint that establishes any government official of any kind did anything to coerce or encourage these media entities to act in some kind of conspiracy against Bowhall.  The "public function analysis is a stringent test requiring a showing that private actors have been given powers or are performing functions that are 'traditionally the exclusive prerogative of the State."  *Weaver*, 442 F.Supp.2d at 1224 (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1131 (11th Cir. 1992)); *see also Campbell*, 131 F.Supp.2d at 1311 (same).  Nothing indicates the defendants

have been given powers or are performing functions that generally belong to the state or federal government.  As such, the Public Function Test is not met.  Finally, to satisfy the Nexus/Joint Action Test, "the governmental body and private party must be intertwined in a 'symbiotic relationship.'"  *Rayburn*, 241 F.3d at 1348 (citations omitted).  Again, nothing in his ramblings shows that the defendants were symbiotic.  Consequently, Bowhall fails to meet the Nexus/Joint Action Test.

In short, Bowhall's conclusory allegations and unwarranted factual deductions are insufficient.  *Martinez v. United States*, 192 Fed. Appx. 839, 840 (11th Cir. 2006) (unpublished opinion) (The Eleventh Circuit provides a court may properly dismiss a complaint that is based on conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts even when evaluating it under 28 U.S.C. § 1915(e)(2)(B)).  As Bowhall did not satisfy any of the three tests, he has not established the defendants were state or federal actors.  Thus, he has no claim under § 1983 or *Bivins*.  Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."  *Denton*, 504 U.S. at 33, 112 S.Ct. at 1733.  Bowhall's complaint against these entities is a paradigm of such a case and the claims merit dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B.     State Law Claims**

28 U.S.C. § 1367(c) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if- (1) the claim raises a novel or

complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). As this Court finds that the federal claims merit dismissal, the Court may and does decline to exercise supplemental jurisdiction over Bowhall's claims asserted under state law. 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1)     Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **GRANTED**;

(2)     Plaintiff's federal claims be **DISMISSED** prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)  - (ii) and 28 U.S.C. § 1367(c).

(3)     Any outstanding motions be **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this *Recommendation* on or before **October 6, 2010**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 22nd day of September, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE